**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

UNITED STATES OF AMERICA          CRIMINAL NO. 3:21CR87(VAB)

       v.

DENNIS A. BRADLEY, JR., and
JESSICA MARTINEZ             May 19, 2022

**GOVERNMENT'S OPPOSITION TO DEFENDANT JESSICA**
**MARTINEZ'S MOTION FOR ORDER CONCERNING TRIAL SUBPOENAS**

The Government submits this opposition to Defendant Jessica Martinez's motion for an order holding potentially dozens of Government witnesses under subpoena for the duration of the multi-week trial (Dkt. #59). The method proposed by Martinez evades the applicable federal rule, is logistically unworkable in a case of this size and length, and is unfair to the Government and the potential witnesses. The Court should reject it.

First, Martinez seeks to execute an end-run around Federal Rule of Criminal Procedure 17(b), which provides an *ex parte* procedure for an indigent defendant to request that the Court issue a subpoena for a witness upon a showing of "necessity of the witness's presence for an adequate defense." Fed. R. Crim. P. 17(b). Under Rule 403, a court should deny a request for such a subpoena "where the testimony of the witness would be only cumulative, where the defendant is vague as to the witness's potential evidence and is also aware that the witness might invoke the Fifth Amendment, or where the witness would only give irrelevant testimony not necessary to an adequate defense." *United States v. Taylor*, 562 F.2d 1345, 1362 (2d Cir. 1977) (cleaned up). The decision is left to the sound discretion of the district court. *United States v. D'Ercole*, 225 F.2d 611, 614 (2d Cir. 1955); *United States v. Gotti*, 784 F. Supp. 1011, 1012 (E.D.N.Y. 1992); *United States v. Barker*, 553 F.2d 1013, 1019 (6th Cir. 1977). In contrast, Martinez's proposal would allow her to potentially "subpoena" every Government witness—even

if not called because their testimony is cumulative or no longer relevant—without making any showing whatsoever to the Court.

Second, Martinez has failed to consider the logistical issue of applying her proposal to this case. For example, unless and until necessary, the Government would not typically subpoena all 33 named witnesses on its list, much less the 22 named witness on its "may call" list. Moreover, for certain witnesses, a subpoena will not be necessary to secure their attendance at trial. Thus, under Martinez's proposal, her counsel will not necessarily know what witnesses are subject to a continuing subpoena and therefore available for her defense case. This case is therefore easily distinguished from *United States v. Hamlett*, 3:18CR24 (VAB), the only instance cited by Martinez in which this alternative procedure was used; as the Court knows, in that three-day trial on a charge of sex trafficking a minor, there were heightened sensitivities surrounding victims and witnesses that led the Government to consent to an alternative subpoena procedure. The circumstances of this case cut in the opposite direction, meaning that, here, Martinez's proposal does not offer the same benefits and creates significant new problems.

Lastly, Martinez's proposal would be unfair to the Government and the potential witnesses. Although her motion is silent on the point, presumably Martinez envisions that the Government will inform every subpoenaed witness that they are subject to a continuing obligation to appear even after the close of the Government's case. Moreover, since her counsel would never had any contact with witnesses subpoenaed solely by the Government, presumably Martinez expects the Government to then contact any witness called in Martinez's defense case. If the Government cannot locate a witness, or if they fail to appear, Martinez would surely seek to hold the Government to blame for that unavailability. For this reason, the Government should not be forced to act as an intermediary between Martinez and her potential witnesses. Likewise, Martinez's proposal is hardly fair to the witnesses, who would be expected to be available to testify for weeks

on the off chance that she decides to call them.  While Martinez must have some idea who she may wish to call as a witness, she instead seeks what is effectively a blanket subpoena for 33 witnesses, all or most of whom she has no interest in calling.  Martinez should, like the other parties, be required to subpoena the witnesses she actually may want to call.

Martinez's proposal allows her to pressure the Government into subpoenaing dozens of potential witnesses, holding those subpoenas open for weeks, without giving the Court an opportunity to consider whether the potential testimony would be admissible, while passing the risk of any resulting evidentiary or appellate issue onto the Government.  The Court should deny Martinez's motion and direct her to make use of Rule 17(b).

Respectfully submitted,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

_____/s/_____

JONATHAN N. FRANCIS
Federal Bar No. phv05083
jonathan.francis@usdoj.gov
DAVID E. NOVICK
Federal Bar No. phv02874
david.novick@usdoj.gov
ASSISTANT U.S. ATTORNEYS
157 Church Street, 25th Floor
New Haven, CT  06510
Tel.: (203) 821-3700

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

_____/s/_____
JONATHAN N. FRANCIS
ASSISTANT UNITED STATES ATTORNEY
