UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:21CR87(VAB) |
| v. | |
| DENNIS A. BRADLEY, JR., and JESSICA MARTINEZ | May 20, 2022 |

### GOVERNMENT'S OPPOSITION TO DEFENDANT DENNIS BRADLEY'S MOTION IN LIMINE TO EXCLUDE TESTIMONY REGARDING SEEC'S INVESTIGATION AND CONCLUSIONS

The Government submits this opposition to Defendant Dennis Bradley's motion (Dkt. #61). The Court should either deny Bradley's motion or deem it moot.

Bradley's motion claims to seek only to preclude evidence "referring to the reasons why [the State Election Enforcement Commission ("SEEC")] denied Mr. Bradley's application for a general election grant." Def's Mot. at 5; *id.* at 8 ("[T]he Court should exclude any testimony or exhibits pertaining to SEEC's conclusions with respect to its denial of Mr. Bradley's application for a general-election grant."). It is indisputable that SEEC found the Bradley campaign to have knowingly violated state campaign finance laws, on that basis denied it a general election grant, and all evidence of its determination is probative of intent and materiality. Nonetheless, as a compromise, the Government would limit its evidence regarding the investigation to (1) the fact of the investigation, that it involved Dolphin's Cove at least in part, and the defendants' statements to SEEC in response, along with necessary context, and (2) the fact that SEEC denied the grant following its Dolphin's Cove investigation. In other words, the Government would agree not to introduce evidence of "the reasons why SEEC denied Mr. Bradley's application for a general election grant," including any testimony about SEEC's factual or legal analysis. Def's Mot. at 5. This offer balances the defendant's interest in keeping out SEEC's legal analysis against the

Government's need to prove materiality, and appears to satisfy a literal reading of Bradley's motion. Therefore, the motion should be moot.[1]

However, occasional broader language in Bradley's motion may indicate that he actually seeks to exclude even the facts that SEEC investigated whether Bradley had violated the Citizens' Election Program ("CEP") rules and that, following its investigation, SEEC denied his campaign a $95,710 general election grant. The Court should deny such a broad request. SEEC is the victim of Bradley's charged scheme to defraud; evidence that it launched an investigation into whether the Bradley campaign had misrepresented certain information, and then denied his grant, establishes the context for Bradley's subsequent lies, which is compelling circumstantial evidence that Bradley lied with the intent to obtain a $95,710 general election grant and that the information Bradley misrepresented was material to SEEC.

**I. BACKGROUND**

In July 2018, SEEC began investigating the Bradley campaign in response to a complaint it received concerning, among other things, the March 15, 2018 Dolphin's Cove event. Superseding Indictment ¶ 81. Bradley had already lied to SEEC, and continued to do so in the course of its investigation.

Prior to SEEC's investigation, Bradley's lied to SEEC in at least two ways. First, Bradley caused material misrepresentations to be made in campaign filings to conceal that campaign contributions were collected at the March 15, 2018 launch party, and that he had paid for that party with personal funds in excess of the $2,000 CEP limit. Superseding Indictment ¶¶ 63-64, 74, 78. Second, on May 24, 2018, Bradley submitted a CEP Affidavit and a CEP Application to SEEC, in which he falsely swore that he had abided by CEP rules governing personal funds, contributions,

---

[1] In an effort to avoid further litigation on this issue, the Government has proposed this compromise to Bradley's counsel, who has not yet given a response.

and expenditures. Superseding Indictment ¶¶ 65-73. These misrepresentations successfully fooled SEEC, which awarded Bradley a $84,140 primary grant. Superseding Indictment ¶ 80.

In the latter part of the scheme—after SEEC began investigating the complaint into his undisclosed March 15 launch party, but before it determined whether to award him a $95,710 general election grant (Superseding Indictment ¶¶ 81)—Bradley caused misrepresentations to be made to SEEC in at least three ways. First, on August 21, 2018, Bradley answered the complaint in a letter to the SEEC investigator, in which he falsely stated that his March 15 event "was in no shape or form a political event" and that his campaign "did not collect any donations at this event." Superseding Indictment ¶ 83. Second, on October 12, 2018, Bradley's co-conspirator Jessica Martinez gave corresponding testimony to SEEC's investigators in which she falsely stated that the March 15 launch party was not a campaign event and guests were not solicited for donations. Superseding Indictment ¶¶ 85. Third, on October 17, 2018, Bradley appeared before SEEC's commissioners and falsely stated in recorded comments that, at the March 15 party, "there was absolutely no request for money, there was absolutely no intent to get, garner more support in terms of volunteers or other political support, that was not the intent of the party whatsoever."

Based on its investigation, on October 19, 2018, SEEC denied Bradley the $95,710 general election grant. Superseding Indictment ¶ 86. SEEC's order stated the following "factual conclusions and legal reasons for denying Mr. Bradley's application," Def's Mot. at 3:

> [T]he committee made or incurred expenditures in excess of the applicable expenditure limits set forth in General Statutes § 9-702(c), as a result of…a coordinated expenditure with the BDK law firm for the Dolphin Cove Event in the amount of approximately $7,107…. The Commission determines that [this] excess expenditure…[was] not *de minimis* in nature and the candidate and treasurer had knowledge of [this] expenditure.[2]

---

[2] SEEC's order also found two other knowing violations of the statutory expenditure limit.

- 3 -

## II. DISCUSSION

### A. The Government Will Not Introduce SEEC's Legal Conclusion

Bradley's motion argues only that evidence of SEEC's legal conclusion is inadmissible. Def's Mot. at 4-8. As discussed above, the Government does not intend to introduce testimony or any exhibit reflecting "the reasons why SEEC denied Mr. Bradley's application for a general election grant," Def's Mot. at 5, beyond simply that it denied the grant following its Dolphin's Cove investigation. For this reason, Bradley's motion is moot.[3]

### B. The Government Is Entitled to Introduce the Fact of SEEC's Investigation and That It Denied Bradley's Grant

To the extent that Bradley seeks to preclude the Government from introducing the fact that SEEC investigated a complaint regarding his Dolphin's Cove party and the fact that SEEC denied his general election grant, he presents no rationale at all.

For the Court's information: the Government intends to elicit fact testimony from Sheri-Lyn Lagueux, the Clerk of the SEEC and the Elections Officer assigned to assist the Bradley campaign in 2018, regarding the investigation that SEEC began in response to a complaint it received related to (among other things) the Dolphin's Cove event. She will explain in general terms the process by which SEEC investigates such complaints, and the fact that it pursued this one. Legueux will testify that SEEC notified Bradley's campaign of the complaint, which Bradley personally answered in his false August 21, 2018 letter. Superseding Indictment ¶ 83. Further, in her capacity as SEEC's Clerk, Lagueux was present for the October 12 investigative interview of Jessica Martinez in which she made false statements, and the October 17 meeting at which Bradley lied to the Commission members; she will explain the context of these meetings and why the answers and information provided by the defendants mattered to SEEC. Finally, the Government

---

[3] The Government reserves its right to revisit this proposed compromise should either defendant open the door at trial.

will elicit testimony from Lagueux that SEEC denied Bradley's the general election grant following its investigation.

This testimony is relevant to prove two elements of the charged wire fraud scheme: fraudulent intent and materiality. *United States v. Pierce*, 224 F.3d 158, 165 (2d Cir. 2000) (a scheme to defraud "requires the government to prove (i) the existence of a scheme to defraud, (ii) the requisite scienter (or fraudulent intent) on the part of the defendant, and (iii) the materiality of the misrepresentations" (citations omitted)). Proof that Bradley and Martinez lied in August and October—during SEEC's investigation and while they were seeking the $95,710 general election grant—is powerful circumstantial evidence that they acted with the intent to defraud SEEC. *United States v. Guadagna*, 183 F.3d 122, 129 (2d Cir. 1999) ("Intent may be proven through circumstantial evidence, including by showing that defendant made misrepresentations to the victim(s) with knowledge that the statements were false."); *United States v. Gatto*, 986 F.3d 104, 113 (2d Cir. 2021) ("[F]raudulent intent may be inferred from the scheme itself if the necessary result of the actor's scheme is to injure others." (cleaned up)). Likewise, proof that SEEC launched an investigation based on a complaint about Dolphin's Cove, and then ultimately denied the general election grant following that investigation, is compelling evidence that SEEC considered false information about Dolphin's Cove to be material. *Neder v. United States*, 527 U.S. 1, 16 (1999) ("In general, a false statement is material if it has a natural tendency to influence, or is capable of influencing, the decision of the decisionmaking body to which it was addressed."). The probative value of this limited set of investigation-related evidence on the issue of intent and materiality far outweighs any risk of unfair prejudice, particularly where the Government will agree not to introduce SEEC's legal analysis or fact finding, which animates much of Bradley's motion.

In light of the relevance of the Government's evidence, the Court should decline to read Bradley's motion broadly. The Court should instead moot this motion and adopt the Government's proposed compromise position.

Respectfully submitted,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

        /s/
JONATHAN N. FRANCIS
Federal Bar No. phv05083
jonathan.francis@usdoj.gov
DAVID E. NOVICK
Federal Bar No. phv02874
david.novick@usdoj.gov
ASSISTANT U.S. ATTORNEYS
157 Church Street, 25th Floor
New Haven, CT  06510
Tel.: (203) 821-3700

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/
JONATHAN N. FRANCIS
ASSISTANT UNITED STATES ATTORNEY