UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:21CR87(VAB) |
| v. | |
| DENNIS A. BRADLEY, JR., and | |
| JESSICA MARTINEZ | May 20, 2022 |

**GOVERNMENT'S OPPOSITION TO DEFENDANT JESSICA MARTINEZ'S
MOTION IN LIMINE TO EXCLUDE SPECIFIC GOVERNMENT EXHIBITS**

The Government submits this opposition to Defendant Jessica Martinez's motion *in limine* to preclude Government Exhibits 121 and 131 (Dkt. #71). Martinez argues that those images from her publicly-accessible Facebook page are inadmissible on the grounds of authenticity and as substantially more prejudicial than probative. Martinez is wrong on both counts.

**I.     BACKGROUND**

The exhibits at issue are screenshots of Martinez's Facebook postings in the days following the March 15, 2018 Dolphin's Cove campaign launch party. The Superseding Indictment alleges that Martinez lied to the State Elections Enforcement Commission ("SEEC"), the Federal Bureau of Investigation, and the grand jury concerning that party, including about whether campaign contributions were collected there. Superseding Indictment (Dkt. #50) ¶¶ 54, 58-59, 62, 85, 92, 96-97.

Government's Exhibit 121 is a March 16 post by Martinez. Martinez wrote text which began, "Lastnight was epic, Dennis Bradley announces his State Senate run!" above a video of her co-defendant Dennis Bradley giving his campaign announcement speech at Dolphin's Cove.

Government's Exhibit 131 (attached as Exhibit 2) is a post by Martinez from March 21, 2018. Martinez wrote text that began as follows:



Hello family and friends,

My friend, Dennis Bradley, is running for State Senate, for the 23rd district in Connecticut. The 23rd district is much of Bridgeport and a small section of Stratford.

I am Dennis' campaign treasurer and if I have not asked you for a donation yet, I will 😊 For all of those who can donate $10 or more (max $250.00) please see the contribution form attached.

Martinez—and not a Government agent, as her motion erroneously asserts (Def's Mot. at 3)—then attached a post from Bradley's campaign Facebook page, which stated:



Please feel free to print and fill out the attached form. You can deliver all campaign contributions to "Attorney Dennis Bradley for State Senate" 853 Fairfield Ave. Bridgeport, CT 06605 ATTN: Jessica Martinez, Treasurer.

https://drive.google.com/.../1pawmcaw3crSjJfMNzK.../view...

Beneath that text was a picture of a contribution form available at the Google Drive link with the name "Bradley Contribution Form.doc."

## II.   ARGUMENT

Martinez argues that Government Exhibits 121 and 131 are not admissible, citing Rules 901 and 403.

### A.   Authenticity

Martinez cites the law concerning Rule 901, presumably indicating that Exhibits 121 and 131 should be excluded as unauthenticated. Def's Mot. at 1-2.

The preliminary decision regarding authentication is committed to the district court. *United States* v. *Vayner*, 769 F.3d 125, 129 (2d. Cir. 2014). Under Federal Rule of Evidence 901, "[t]he bar for authentication of evidence is not particularly high." *Id.* at 130. The proponent of

the evidence need only provide "sufficient proof…so that a reasonable juror could find in favor of authenticity or identification." *Id.* at 129 (cleaned up). This proof may be "direct or circumstantial." *Id.* at 130. One of the most common methods of authentication is through "the testimony of a witness with knowledge that a matter is what it is claimed to be." *Id.* (cleaned up). Authentication only concerns the admissibility of the evidence, not its reliability, which is a question for the jury. *Id.* at 131.

Assuming the parties are not able to reach a stipulation concerning authenticity, the Government is prepared to offer testimony from an FBI employee who visited Martinez's Facebook page and observed Government Exhibits 121 and 131. This testimony by "a witness with knowledge" that "a matter is what it is claimed to be" would be sufficient to authenticate these exhibits as Martinez's Facebook posts. *Vayner*, 769 F.3d at 130. This offer of proof defeats Martinez's pre-trial authenticity objection.

### B.  Unfair Prejudice that Substantially Outweighs Any Probative Value

Martinez incorrectly argues that Government Exhibits 121 and 131 are inadmissible under Rule 403, stating that "[t]he exhibits have no probative value," whereas "the danger of unfair prejudice is considerable." Def's Mot. at 2-3.

A trial court may exclude relevant evidence under Rule 403, but only if its "probative value is substantially outweighed by a danger of…unfair prejudice, confusing the issues, misleading the jury, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Relevance under the FRE is a low threshold, easily satisfied." *United States v. Gramins*, 939 F.3d 429, 450 (2d Cir. 2019). Under Fed. R. Evid. 401, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." "To be relevant, evidence need not be sufficient by itself

to prove a fact in issue, much less to prove it beyond a reasonable doubt." *Gramins*, 939 F.3d at 450 (citation omitted).

The exhibits at issue establish that Martinez attended the Dolphin's Cove party (GX 121), was the Bradley campaign treasurer (GX 131), took an active role in campaign fundraising (GX 131), and had knowledge of the SEEC rules regarding contribution forms and fundraising, generally (GX 131). These facts are relevant to satisfying the Government's burden of proving that Martinez made misrepresentations about what took place at Dolphin's Cove (Counts 2-8), had the specific intent to defraud SEEC (Counts 2-6), knowingly and willfully lied to the FBI (Count 7), and knowingly gave false testimony to the grand jury (Count 8).

While Martinez repeatedly asserts that Government Exhibits 121 and 131 are prejudicial, she explicates that prejudice only by stating "[t]he prejudicial effect is such that it causes a juror to mistakenly believe the images are from Ms. Martinez." Def's Mot. at 3. Thus, Martinez does not claim that the content of these exhibits is prejudicial, just that it is wrong to attribute them to her. Because, as discussed above, the Government has met the preliminary authenticity threshold, Martinez must make her argument regarding the reliability of the authenticating FBI witness to the jury. *Vayner*, 769 F.3d at 130 ("The ultimate determination as to whether the evidence is, in fact, what its proponent claims is thereafter a matter for the jury.").

Martinez therefore has failed to show that Government Exhibit 121 and 131 pose an unfair prejudice that substantially outweighs their considerable relevance.

- 5 -

### III. CONCLUSION

Martinez has failed to demonstrate that Government Exhibits 121 and 131 are inadmissible. Accordingly, the Court should deny her motion.

Respectfully submitted,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

/s/
JONATHAN N. FRANCIS
Federal Bar No. phv05083
jonathan.francis@usdoj.gov
DAVID E. NOVICK
Federal Bar No. phv02874
david.novick@usdoj.gov
ASSISTANT U.S. ATTORNEYS
157 Church Street, 25th Floor
New Haven, CT  06510
Tel.: (203) 821-3700

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/
JONATHAN N. FRANCIS
ASSISTANT UNITED STATES ATTORNEY
