UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DENNIS A. BRADLEY, JR., and<br>JESSICA MARTINEZ | Case No. 3:21-cr-00087-VAB<br><br><br>June 1, 2022 |

**DEFENDANT DENNIS BRADLEY'S BRIEF IN SUPPORT OF ORAL MOTION TO PRECLUDE LATE-DISCLOSED VIDEO**

Defendant Dennis Bradley files this brief to apprise the Court of additional facts and legal sources relevant to Mr. Bradley's oral motion to preclude the government from introducing at trial a video recording it first produced to the defendants on May 25, 2022.

According to the FBI 302 reports produced to Mr. Bradley, the government first interviewed Barry and Linda Jackson—the videographers who recorded video of the Dolphin's Cove event—on January 27, 2020. *See* Ex. A (filed under seal). During that interview, Mr. and Ms. Jackson "explained that they have raw footage that is about two hours long and an edited, shorter version." *Id.* at 1.

The next day, Ms. Jackson executed a "Certificate of Records." *See* Ex. B. That document reports that she produced "video footage of event at Dolphin's Cove on 3/15/2018" and "Video of April Barron event." The FBI produced three videos to the defendants that were apparently collected on that date: (1) A video file titled "April

1

Barron Event.MTS." (2) A one-minute edited video titled "Dennis Bradley for State Senate 2018.mp4" that the Jacksons created for Mr. Bradley combining some audio from the April Barron event and photographs they collected from his Facebook page. And (3) a roughly 13-minute video entitled "BDK 2018 RAW FOOTAGE .MTS." *See* Ex. C. This 13-minute video has been the version of the video all parties prepared their cases based on until the government's May 25 disclosure of a longer version of the video.

Plainly, this 13-minute video is not the "raw footage that is about two hours long" that the Jacksons reported. Yet the FBI apparently took no steps to ask the Jacksons about this longer video they had referenced: The government did not again contact the Jacksons until May 9, 2022, when the government asked them to provide other types of documents. It did not discuss the issue of any videos of the Dolphin's Cove event with them until May 24, the day before the pretrial conference and less than a week before jury selection.

Because Mr. Bradley's counsel had seen references to a longer video (here and in other documents), they orally asked for this longer video in February of this year.[1] They were told the government had produced all copies in their possession. Mr. Glasser followed up with a letter on May 2, 2022. *See* Ex. D. Receiving no response, Mr. Glasser followed up on May 4. Mr. Francis responded later that day that the "raw footage of the

---

[1] Undersigned counsel made efforts to obtain the referenced video footage. Counsel was advised that the Jacksons produced what they had to the FBI.

3/15/18 video recorded by Victory Productions was produced," referencing the 2018 RAW FOOTAGE.MTS file. *See* Ex. E (filed under seal).

Under this District's Standing Order on discovery, the government is required to produce all books, papers, documents, and similar matters it intends to use in its case-in-chief within 14 days of arraignment. Standing Order(A)(1)(f). This obligation extends to all information "within the government's possession, custody, or control, the existence of which is known *or by the exercise of due diligence could be known* to the attorney for the government." *Id.* (emphasis added).

Although the government was told more than two years ago by Mr. Jackson that some two hours of footage existed, it seemingly took no steps to attempt to obtain additional footage from the Jacksons until days before trial. Such a delay falls far short of the government's obligations under the standing order to exercise due diligence and promptly produce material it was in fact aware of. For the reasons explained during the oral argument, this late production of a video that should have been collected and produced by the government years ago has gravely prejudiced the defendants' preparation for trial. Courts have excluded late-disclosed evidence in similar circumstances. *See, e.g.*, *United States v. Davis*, 2013 WL 4419345, at *4 (E.D.N.C. Aug. 14, 2013) (suppressing evidence the government should have been aware of with due diligence but failed to obtain before shortly before the trial), *aff'd United States v. Davis*, 244 F.3d 666, 670 (8th Cir. 2001); *United States v. Yepa*, 2014 WL 12782780 (D.N.M. Dec.

31, 2014) (excluding 911 recording the government obtained and produced to the defense only a few weeks before trial).

The government also asserted during the argument that Mr. Bradley previously obtained a copy of the full-length video. This claim makes little sense, given that Mr. Bradley has repeatedly asked the government to locate and produce the longer video, something he plainly would not have done if he had it in his possession. But the documentary evidence refutes that suggestion. The government has included on its exhibit list an email from the Jacksons to Mr. Bradley on March 26 providing a video, but as the next exhibit shows, that video was only the one-minute campaign video, not footage of the Dolphin's Cove event (either the shorter 13-minute or the longer 28-minute version). *See* Trial Exs. 702A, 702B. The government also produced later emails from the Jacksons to Mr. Bradley in October 2018. *See* Trial Exs. 703A–C. But Mr. Bradley's then-counsel forwarded those videos to SEEC. *See* Trial Exs. 318, 319. The only versions of the video SEEC had in its possession (at least that were produced to Mr. Bradley) were the 13-minute version, and the filenames of those videos correspond to those provided to Mr. Bradley by the Jacksons in October. Finally, Mr. Francis asserted during the hearing that in a prior 302, Mr. Jackson said he had provided a DVD of the recording to Mr. Bradley, but that detail is not found anywhere in the January 2020 302. *See* Ex. A. Nor is it mentioned in any other 302s.

For these reasons, as well as the arguments made in the oral hearing, counsel for Mr. Bradley respectfully request that the Court preclude the government from introducing the new version of the video, provided mere days before jury selection and trial.

                                                   Respectfully submitted,

Dated June 1, 2022                /s/ *James I. Glasser*
                                                   James I Glasser (ct07221)
                                                   David R. Roth (ct29876)
                                                 Wiggin and Dana LLP
                                                 One Century Tower
                                                 265 Church Street
                                                 New Haven, CT 06510
                                                 Phone: 203.498.4400
                                                 Fax: 203.782.2899
                                                 jglasser@wiggin.com
                                                 droth@wiggin.com