**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

UNITED STATES OF AMERICA          CRIMINAL NO. 3:21CR87(VAB)

      v.

DENNIS A. BRADLEY, JR., and
JESSICA MARTINEZ                June 3, 2022

## GOVERNMENT'S MEMORANDUM REGARDING JURISDICTION

The Government files this memorandum at the Court's request to address the defense's suggestion that the Court retains jurisdiction to engage in fact finding following the Government's notice of interlocutory appeal. While it not entirely clear what specific relief—if any—the defense seeks, the law is well settled that the Court may not hold an evidentiary hearing or otherwise engage in further fact finding regarding the subject matter of the appeal.

"As a general matter, '[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). Absent "a plainly unauthorized notice of appeal," *id*., a district court is prohibited from "engaging in factfinding after notice of appeal had been filed. It is well settled that the filing of a timely and effective notice of appeal from a final judgment divests the court of jurisdiction to amend or otherwise reconsider that judgment." *United States v. Katsougrakis*, 715 F.2d 769, 776 (2d Cir. 1983). Moreover, an appeal from a ruling on an evidentiary matter divests the court of jurisdiction to try any charges implicated by the ruling. *See United States v. Dupree*, 706 F.3d 131, 135 (2d Cir. 2013) (holding that an appeal from the exclusion of evidence divested district court of jurisdiction over the indictment count related to that evidence).

Here, the Government filed a permissible appeal pursuant to 18 U.S.C. § 3731.  As relevant to this case, the Government must satisfy three requirements: "there was an order of a district court excluding evidence; a United States attorney filed the proper certification; and the appeal was taken within 30 days."  *United States v. Moskowitz*, 702 F.3d 731, 733 (2d Cir. 2012).[1]  All three requirements are met.

First, the Court issued an order excluding evidence, that is, Government Exhibit 120C, the approximately 28-minute video of the events at Dolphin's Cove on March 15, 2018.  *See* Transcript of June 2, 2022 Hearing at 6, 10.  That the Court left open the possibility that Exhibit 120C might be admitted if the defense opened the door during trial is immaterial to the appealability of the order.  Indeed, such is true of most pre-trial evidentiary rulings.  *See United States v. Decinces*, 808 F.3d 785, 789-790 (9th Cir. 2015) ("The fact that the district court described its ruling as tentative is immaterial, as pretrial evidentiary rulings are generally tentative, in the sense that they are subject to reconsideration at trial."); *United States v. Brooks*, 145 F.3d 446, 454 (1st Cir. 1998) ("pretrial orders that have the practical effect of excluding material evidence at trial are appealable under section 3731, regardless of nomenclature").  Indeed, to suggest otherwise would thwart the purpose of § 3731, which "is intended to be liberally construed so as to effectuate its purpose of permitting the Government to appeal from … all suppressions and exclusions of evidence in criminal proceedings, except those ordered during trial of an indictment or information."  *United States v. Fatico*, 579 F.2d 707, 711 (2d Cir. 1978) (quoting S. Rep. No.91-1296, 91st Cong., 2d Sess., at 18 (1970)).

Second, the Government filed a certification from the United States Attorney stating that "the appeal by the United States of the district court's suppression ruling in this case is not taken

---

[1] The appeal must also be taken before jeopardy attaches.  That requirement was satisfied here, as the jury had not been sworn.

for purpose of delay and that the evidence that has been suppressed is substantial proof of facts material to the proceeding." Doc. 131 at 3. This certification is "is conclusive of that issue for purposes of section 3731, and is therefore alone sufficient to vest [the Second Circuit Court of Appeals] with jurisdiction under section 3731 of timely appeals from orders suppressing evidence." *Moskowitz*, 702 F.3d at 735. The defendants are not entitled to contest the United States Attorney's certification, nor is the Government required to "prove either or both of" these "parallel requirements—'not taken for purpose of delay' and 'substantial proof of a fact material in the proceeding.'" *Id*. at 734 (quoting § 3731).[2]

Third, the Government filed its notice of appeal on the same day as the Court's order.

In short, the Government's appeal is plainly authorized by law, and thus divests the Court of jurisdiction to engage in further fact finding regarding the decision that is on appeal, or consider argument over the Government's decision to appeal. To the extent that there are matters unrelated to the appeal—such as conditions of release or unrelated evidentiary matters—the district court retains jurisdiction, there. However, the defendants have not identified any such matters requiring a hearing, much less established that a hearing is necessary at this time.[3]

---

[2] Any suggestion that the United States Attorney filed the certification in bad faith is spurious, and the Government will reserve its substantive argument for the appeal.

[3] Counsel for Ms. Martinez made reference to the All Writs Act, 28 U.S.C. § 1651, but the Government did not seek a writ of mandamus. Both defendants' counsel also invoked their client's speedy trial rights, but the clock under the Speedy Trial Act is tolled during the pendency of an interlocutory appeal. *See* 18 U.S.C. § 3161(h)(1)(C).

Respectfully submitted,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

_____/s/_____
JONATHAN N. FRANCIS
Federal Bar No. phv05083
jonathan.francis@usdoj.gov
DAVID E. NOVICK
Federal Bar No. phv02874
david.novick@usdoj.gov
ASSISTANT U.S. ATTORNEYS
157 Church Street, 25th Floor
New Haven, CT  06510
Tel.: (203) 821-3700

**CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF System.

/s/
DAVID E. NOVICK
ASSISTANT UNITED STATES ATTORNEY
