## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:21-cr-00087-VAB |
| v. | |
| DENNIS A. BRADLEY, JR., and JESSICA MARTINEZ | June 3, 2022 |

### DEFENDANT DENNIS BRADLEY'S BRIEF REGARDING THE COURT'S JURISDICTION FOLLOWING THE GOVERNMENT'S FILING OF A NOTICE OF APPEAL

As the Court directed in its June 2 status conference, *see* ECF No. 132, Defendant Dennis Bradley submits the following brief regarding the Court's jurisdiction in light of the interlocutory Notice of Appeal, ECF No. 128 (June 2, 2022).

**1.    The Notice of Appeal only divests this Court of jurisdiction over matters encompassed by the appeal.**

During the June 2 status conference, the government asserted that the filing of a notice of appeal automatically divests this Court of all jurisdiction over this case. As counsel for Mr. Bradley explained, that is not the law.

It has long been established that "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 48 (1982). As a result, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control *over those aspects of the case*

*involved in the appeal.*" *Id.* (emphasis added). As Second Circuit authority makes plain, the above-emphasized qualification is crucial: "The divestiture of jurisdiction rule is . . . not a per se rule. It is a judicially crafted rule rooted in the interest of judicial economy, designed to avoid confusion or waste of time resulting from having the same issue before two courts at the same time." *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996). "[I]ts application is guided by concerns of efficiency and is not automatic." *Id.* District courts thus continue to retain some jurisdiction over a case, notwithstanding the filing of a notice of appeal, and can exercise their jurisdiction in any way that is not at odds with the court of appeal's jurisdiction over whatever issues the appellant has placed before it. *See, e.g.*, *Webb v. GAF Corp.*, 78 F.3d 53, 55 (2d Cir. 1996) (holding that district court had jurisdiction to issue a permanent injunction while the case was on appeal from the district court's grant of a preliminary injunction).

Here, the only issue the government's notice of appeal has (or could) raise is the Court's ruling regarding the admissibility of the belatedly discovered 28-minute version of the video of the Dolphin's Cove event. *See* Notice of Appeal. Under ordinary circumstances (but see below), it would be inconsistent with the Second Circuit's jurisdiction over this evidentiary appeal for this Court to simultaneously conduct a jury trial. But the notice of appeal does not deprive this Court of jurisdiction generally, so long as this Court's exercise of jurisdiction does not conflict with the Second Circuit's

possible jurisdiction over the government's issue that is the subject of the notice of appeal.

**2.    The *Dunbar* and *Apostol* rules of automatic divestiture may apply.**

Because divestiture of jurisdiction is not a "per se rule," *Rodgers*, 101 F.3d at 251, courts have recognized several circumstances where it is appropriate for a district court to proceed with a case notwithstanding the filing of a notice of appeal. In *United States v. Dunbar*, 611 F.2d 985, 987–88 (5th Cir. 1980) (en banc), the Fifth Circuit held that a defendant's interlocutory appeal from a denial of a motion to dismiss based on double jeopardy did not deprive the district court of jurisdiction to proceed with trial where the district court concluded the appeal was frivolous. That rule has been adopted by the Second Circuit. *United States v. Salerno*, 868 F.2d 524, 539 (2d Cir. 1989).

In *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir. 1989), the Seventh Circuit expanded *Dunbar*'s rationale to other categories of interlocutory appeals, specifically immunity appeals. Thus, when a defendant's claim for immunity (raised in an interlocutory appeal) is a "sham . . . the notice of appeal does not transfer jurisdiction to the court of appeals and so does not stop the district court in its tracks." *Id.* at 1339. And even if the appeal is not frivolous, a party may "waive or forfeit the right not to be tried," such as by using their appellate rights "in a manipulative fashion." *Id.* Every Court of Appeals to reach the issue has "followed the Seventh Circuit's lead," recognizing that district courts can "retain jurisdiction despite the filing of an interlocutory appeal, so long as

they certify that the appeal is frivolous or dilatory." *BancPass Inc. v. Highway Toll Administration, L.L.C.*, 863 F.3d 391, 399 (5th Cir. 2017) (citing cases). Although the Second Circuit has not yet (to counsel's knowledge) explicitly addressed this doctrine, it has consistently reached results in line with *Apostol*. *See, e.g., Leonhard v. United States*, 633 F.2d 599, 609–10 (2d Cir. 1980) (holding that jurisdictionally defective notice of appeal did not require district court to halt further proceedings). These cases thus establish that if this Court were to certify that the government's appeal is frivolous, manipulative, or dilatory, it could proceed with trial. *See, e.g., BancPass*, 863 F.3d at 400 & n.2 (explaining that courts have generally required an express certification as a prerequisite to continued exercise of jurisdiction).[1]

Here, for the reasons stated in the June 2 status conference, Mr. Bradley believes the government's appeal is frivolous, because this Court's exercise of its authority to efficiently manage cases (both under the federal rules, the local rule, and its inherent authority) will be reviewed for abuse of discretion. The government has provided no reason (and the U.S. Attorney's certification does not even try to identify one) why this Court's decision was outside the bounds of its discretion. The government's appeal is also manipulative and dilatory, because the effect of the government's appeal will be to put this case on hold for months (something the government could not ordinarily do on

---

[1] If this Court were to do so, the government could, of course, seek an order from the Second Circuit staying further proceedings in this Court.

its own due to the Speedy Trial Act). When when the government loses its appeal, it will then no doubt argue that any prejudice to the defendants from the belated discovery of the longer video has been "cured" by the government's manufactured months-long delay. The government thus appears to be using its appellate rights to do an end-run around both the Speedy Trial Act and this Court's order. Under *Apostol* and similar cases, this Court could certify that the government's appeal is frivolous, dilatory, or manipulative and then proceed with jury trial as though the appeal had never been filed.

**3.     The Court can and should continue to exercise jurisdiction in this case at least in part.**

Counsel for Mr. Bradley recognize that it may not be practical or efficient for this Court to proceed with an immediate jury trial for several reasons (such as the Court's, counsels', and prospective jurors' scheduling limitations). Nonetheless, counsel believe the Court should continue to exercise jurisdiction in several ways. First, at a minimum, the Court should issue a written order explaining more fully its oral statements during the status conference regarding how the Court expected to rule on the admissibility of the longer video. Such a decision would aid the Second Circuit's review of this issue on appeal.

Second, the Court can and should certify that the government's appeal is dilatory and abusive. Such a certification may be helpful to the Second Circuit in determining whether appellate jurisdiction exists under 18 U.S.C. § 3731 and, if so, whether the

Second Circuit should exercise it. *See, e.g.*, *United States v. Romaszko*, 253 F.3d 757, 760 (2d Cir. 2001) (explaining that court of appeals may dismiss an appeal where court concludes the purpose of Section 3731's certification requirement has not been satisfied). It may also help the Second Circuit provide guidance to district courts about whether the procedures of *Apostol* and related cases apply in this Circuit, and if so, how district courts should exercise their authority under those cases.

Third, while it may not be advisable for the Court to proceed with a jury trial immediately, the parties may wish to revisit that issue shortly. As stated during the status conference, counsel for Mr. Bradley believe the government's appeal is a serious infringement of his rights under the Speedy Trial Act. He therefore reserves the right to ask this Court to proceed with trial in the near future, something this Court could do if it were to certify now that the government's appeal is frivolous and manipulative.

Finally, in the coming weeks, there may be additional matters not encompassed by the government's evidentiary appeal that are appropriate for briefing, argument, and decision. Should those matters arise, counsel for Mr. Bradley asks the Court to not defer taking up those issues until after any appeal is resolved.

For these reasons, counsel for Mr. Bradley believe this Court has continuing jurisdiction over this case. They ask the Court to proceed with the hearing scheduled for later today, at which time they will address more fully how the Court should exercise any jurisdiction.

Respectfully submitted,

Dated June 3, 2022          /s/ James I. Glasser
                            James I Glasser (ct07221)
                            David R. Roth (ct29876)
                            Wiggin and Dana LLP
                            One Century Tower
                            265 Church Street
                            New Haven, CT 06510
                            Phone: 203.498.4400
                            Fax: 203.782.2899
                            jglasser@wiggin.com
                            droth@wiggin.com

7