### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| |
|---|
| UNITED STATES OF AMERICA,<br>        *Plaintiff*,<br><br>        v.<br><br>DENNIS A. BRADLEY, JR., and JESSICA<br>MARTINEZ,<br>        *Defendants*. |

No. 3:21-cr-00087 (VAB)

### RULING AND ORDER ON MOTION TO PRECLUDE

Following an Indictment, Dennis A. Bradley and Jessica Martinez ("Defendants") have

been charged with wire fraud and conspiracy to commit wire fraud and, with respect to Ms.

Martinez, making false statements and false declarations before the grand jury, arising from

Defendants' alleged scheme to defraud the Connecticut State Election Enforcement Commission

("SEEC"), allegedly by making misrepresentations concerning Mr. Bradley's compliance with

state election law and regulations. *See* Indictment, ECF No. 1 (May 24, 2021); Superseding

Indictment, ECF No. 50 (May 4, 2022) ("Superseding Indictment").

Specifically, the Government alleges that when Mr. Bradley and Ms. Martinez applied to

SEEC for a Citizens' Election Program ("CEP") grant to fund Mr. Bradley's 2018 State Senate

campaign, they affirmed that Mr. Bradley's campaign complied with the state statutes and

regulations governing the CEP. Superseding Indictment ¶¶ 63–80. The Government contends

that these affirmations were false and fraudulent because Mr. Bradley and Ms. Martinez knew

that the money Mr. Bradley spent on a March 15, 2018 event at the restaurant Dolphin's Cove,

during which Mr. Bradley announced his candidacy for the State Senate, should have been

treated as a campaign expense, but Mr. Bradley's application for the CEP grant did not report that money as a campaign expense. *See, e.g.*, *id.* ¶¶ 34, 46, 52–80.

On May 31, 2022, the Court began jury selection, with trial to begin immediately thereafter. Min. Entry, ECF No. 126 (May 31, 2022).

The following day, on June 1, 2022, the Court completed the questioning of the entire jury pool, and following consultation with the parties, determined which of the prospective jurors needed to be eliminated for cause, and which would be available for the parties to exercise their peremptory challenges. Min. Entry, ECF No. 127 (June 1, 2022).

On the same day, Mr. Bradley orally moved to preclude, under Federal Rule of Criminal Procedure 16, a video recording of the March 15, 2018 Dolphin's Cove event that the Government had only recently disclosed to Defendants. Tr. Excerpt at 6:7–8:18, ECF No. 142 (June 3, 2022) ("Tr. of June 1, 2022 Hr'g"); *see also* Def. Dennis Bradley's Br. in Supp. of Oral Mot. to Preclude Late-Disclosed Video, ECF No. 118 (June 1, 2022) ("Mot. to Preclude").

In light of Mr. Bradley's motion to preclude, and to allow time for the Court to consider the parties' arguments, the Court agreed to continue jury selection and the presentation of evidence by one day, until June 3, 2022. Min. Entry, ECF No. 127 (June 1, 2022).

On June 2, 2022, the Court held a telephonic status conference with the parties, during which the Court indicated that it would preclude the Government from affirmatively referencing or introducing the video, but would permit the admission of the video, either in the Government's case-in-chief or on rebuttal, to the extent the defense opened the door to such evidence. Min. Entry, ECF No. 125 (June 2, 2022); Tr. of Telephonic Conf. at 3:18–6:11, 7:4–12, 14:1–21, ECF No. 129 (June 2, 2022) ("Tr. of First June 2, 2022 Hr'g").

The Government filed a notice of interlocutory appeal from the Court's ruling later that day. Notice of Appeal, ECF No. 128 (June 2, 2022).

In order to facilitate an expeditious and informed appeal to the Court of Appeals, this supplemental memorandum to the Court's June 2, 2022 order follows.[1]

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On January 27, 2020, the Federal Bureau of Investigation ("FBI") interviewed Barry and Linda Jackson, the videographers who recorded video of the March 15, 2018 Dolphin's Cove event during which Mr. Bradley announced his candidacy for the State Senate (the "Dolphin's Cove event"). Mot. to Preclude at 1; Ex. A to Def. Dennis Bradley's Br. in Supp. of Oral Mot. to Preclude Late-Disclosed Video, ECF No. 120 (June 1, 2022) ("Ex. A") (FBI 302 report of January 27, 2020 interview with Mr. and Ms. Jackson). According to the FBI's 302 report, Mr. and Ms. Jackson "explained [to the FBI] that they [had] raw footage [of the Dolphin's Cove event] that is about two hours long and an edited, shorter version." Ex. A at 1.

On January 28, 2020, Ms. Jackson executed a Certificate of Records, which stated that her company, Victory Productions LLC, had "video footage of [the] event at Dolphin's Cove on 3/15/2018." Ex. B to Def. Dennis Bradley's Br. in Supp. of Oral Mot. to Preclude Late-Disclosed Video, ECF No. 118-1 (June 1, 2022) ("Ex. B"). The Government represents that, at that time,

---

[1] A notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). This rule, however, "does not preclude a district court, after notice of appeal has been filed, . . . from acting to aid the appeal." *United States v. Ransom*, 866 F.2d 574, 575–76 (1989) (per curiam) (internal quotation marks omitted) (citing *United States v. Katsougrakis*, 715 F.2d 769, 776 n.7 (2d Cir. 1983) (noting that although the filing of notice of appeal transfers jurisdiction to the appellate court, the trial court still may act "to aid the appeal"), *cert denied*, 464 U.S. 1040 (1984)); *see also, e.g., United States v. Polizzi*, 262 F.R.D. 160, 162 (E.D.N.Y. 2009) ("This abbreviated memorandum and order is issued now to permit an expedited appeal by the government. A more expansive explanation will be issued shortly.").

Mr. and Ms. Jackson produced to the Government a 13-minute version[2] of the video of the Dolphin's Cove event. Tr. of June 1, 2022 Hr'g at 10:2–6.

On May 24, 2021, a grand jury indicted Mr. Bradley and Ms. Martinez on (1) one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 (Count One), (2) five counts of wire fraud in violation of 18 U.S.C. § 1343 (Counts Two, Three, Four, Five, and Six), and, with respect to Ms. Martinez, (3) one count of false statements in violation of 18 U.S.C. § 1001(a)(2) (Count Seven), and (4) one count of false declaration before the grand jury in violation of 18 U.S.C. § 1623 (Count Eight). Indictment, ECF No. 1 (May 24, 2021).

Following their subsequent arrests, *see* Arrest Warrant, ECF No. 3 (May 24, 2021); Arrest Warrant, ECF No. 4 (May 24, 2021), Mr. Bradley and Ms. Martinez pled not guilty at their arraignments, *see* Min. Entry, ECF No. 6 (May 25, 2021); Min. Entry, ECF No. 10 (May 25, 2021).

On February 22, 2022, following a pre-trial status conference with the parties, *see* Min. Entry, ECF No. 33 (Jan. 31, 2022), the Court ordered jury selection to begin on May 23, 2022, *see* Order, ECF No. 35 (Feb. 22, 2022).

On May 2, 2022, the Court held an additional pre-trial status conference, during which the parties stated that they were prepared for trial. *See* Min. Entry, ECF No. 46 (May 2, 2022). Following the conference, the Court scheduled a final pre-trial conference for May 25, 2022 and jury selection for May 31, 2022, with trial to begin immediately thereafter. Order, ECF No. 48

---

[2] During the June 1, 2022 hearing, the parties referred to the shorter video of the Dolphin's Cove event as the "12-minute" version. *See, e.g.*, Tr. of June 1, 2022 Hr'g at 6:7–10, 10:5. In subsequent filings, however, the parties clarified that the shorter video the Government initially disclosed to Defendants is roughly thirteen minutes long. *See, e.g.*, Mot. to Preclude at 2. Accordingly, the Court herein refers to the shorter video of the Dolphin's Cove event as the "13-minute" video.

(May 2, 2022). The Court further ordered the parties to file their joint trial memorandum and any motions *in limine* by May 13, 2022. *Id*.

On May 2, 2022, Mr. Bradley's counsel wrote to the Government to ask it to "please advise if the [G]overnment has in its possession an unedited version of the video of the event at the Dolphin's Cove restaurant on the evening of March 15, 2018" and, if so, to "please produce that version to the defense at your early [*sic*] convenience." Ex. D to Def. Dennis Bradley's Br. in Supp. of Oral Mot. to Preclude Late-Disclosed Video, ECF No. 118-3 (June 1, 2022) ("Ex. D").

On May 4, 2022, the Government responded to Mr. Bradley's counsel by stating that "the raw footage of the 3/15/18 video recorded by Victory Productions was produced at VICTORY-000004," referring to the 13-minute video of the Dolphin's Cove event. Ex. E to Def. Dennis Bradley's Br. in Supp. of Oral Mot. to Preclude Late Disclosed Video at 1, ECF No. 120-1 (June 1, 2022) ("Ex. E").

The same day, the Government filed a Superseding Indictment charging Mr. Bradley and Ms. Martinez with the same counts as in the original Indictment. *See* Superseding Indictment.

On May 11, 2022, Ms. Martinez moved, with all parties' consent, to continue the deadlines for the joint trial memorandum and responses to the Government's motions *in limine* until May 16, 2022 and May 20, 2022, respectively. Mot. to Continue Pretrial Deadlines for Joint Trial Mem. and Resps. to Mots. *in Limine*, ECF No. 54 (May 11, 2022). In her motion, Ms. Martinez stated that additional time was needed due to substantial additional discovery produced by the Government in the nine days following the May 2, 2022 pre-trial status conference. *Id*. at 2–3. Specifically, Ms. Martinez indicated that the Government had produced to Defendants additional discovery constituting over 2,000 pages, in addition to audio recordings. *Id*.

The Court granted Ms. Martinez's motion to continue on May 12, 2022. Order, ECF No. 55 (May 12, 2022).

On May 16, 2022, the Government and Mr. Bradley each filed a trial memorandum. Government's Trial Mem., ECF No. 72 (May 16, 2022); Def. Dennis Bradley's Trial Mem., ECF No. 60 (May 16, 2022).

On May 17, 2022, the Government interviewed Mr. and Ms. Jackson regarding the 13-minute video of the Dolphin's Cove event. Tr. of June 1, 2022 Hr'g at 10:2–15. During the interview, Mr. and Ms. Jackson "swore that they had given everything to the FBI." *Id*. at 11:8–11. They also stated that the 13-minute video of the Dolphin's Cove event "[was] not the entirety of it" and that they had a longer video. *Id*. at 11:11–12.

On May 24, 2022, the FBI obtained from Mr. and Ms. Jackson a 28-minute version of the video of the Dolphin's Cove event. *Id*. at 11:8–21.

The following day, on May 25, 2022, the Court held the final pre-trial conference with the parties. Min. Entry, ECF No. 93 (May 25, 2022).

During that conference, the Court expressed concern with the Government's inability to clarify the length of the trial, the number of witnesses to be called, and the exhibits sought to be entered into evidence. *See, e.g.*, Tr. of Pretrial Conf. at 90:24–96:1, 113:3–114:18, ECF No. 152 (June 13, 2022) ("Tr. of Final Pre-Trial Conf."). As a result, the Court noted near the end of the final pre-trial conference:

> I have to say, I'm certainly quite concerned. There are issues I've got to resolve legally to figure out what the posture of this case is, but I'm very, very concerned about, you know, making sure everything – in terms of what the evidence is, you know, making sure everyone knows what it is. . . . [B]ut it strikes me there are a number of issues that relate to some of these exhibit issues. It sounds like I'm going to have to do it on the fly, and having to do it on the fly may mean, given the late breaking hour in terms of the other

things having to do with preparing for this trial, I might start erring on the side of excluding stuff if I don't feel that it's been turned over and there was sufficient time, because I don't want to slow the trial down in trying to figure out stuff with exhibits.

I'm just letting you all know that now. So I would urge you all to figure out if there are ways to close the gap in terms of knowledge and make sure everyone is in a sufficient place to be able to move forward.

*Id*. at 113:3–114:18.

After the Court made this point, the Government represented that it had "turned over everything on our exhibit list," *id*. at 114:19–22, although the Government earlier in the final pre-trial conference had represented to the Court not having yet turned over a longer version of a video recorded on March 15, 2018, *id*. at 102:4–8 ("We have recently learned that there is a longer version [of the video] that the videographers did not turn over in response to our subpoenas originally, which we have obtained today. We will make it available to the defendants.").

Following the final pre-trial conference, the Government produced the 28-minute version of the video to Defendants later that day, on May 25, 2022. Tr. of June 1, 2022 Hr'g at 6:7–20.

On May 31, 2022, the Court began jury selection. Min. Entry, ECF No. 126 (May 31, 2022).

On June 1, 2022, the Court resumed jury selection and completed it, subject to the parties' peremptory challenges. Min. Entry, ECF No. 127 (June 1, 2022). The Court explained to the parties that they could exercise their peremptory challenges the following day, immediately before delivering their opening statements and the presentation of evidence.

On the same day, Mr. Bradley orally moved to preclude, under Federal Rule of Criminal Procedure 16, the 28-minute video of the Dolphin's Cove event that the Government had

produced to Defendants on May 25, 2022. *Id.*; Tr. of June 1, 2022 Hr'g at 6:7–8:17. Mr. Bradley filed a brief in support of his oral motion later that day. *See* Mot. to Preclude.

To allow time for the Court to consider the parties' arguments, the Court continued jury selection and trial by one day, until June 3, 2022. Min. Entry, ECF No. 127 (June 1, 2022).

On June 2, 2022, Mr. Bradley supplemented his brief regarding the recently disclosed video of the Dolphin's Cove event. Def. Dennis Bradley's Suppl. to Br. Regarding Preclusion, ECF No. 124 (June 2, 2022).

The same day, on June 2, 2022 at 11:00 a.m., the Court held a telephonic status conference with the parties to address the 28-minute video. Min. Entry, ECF No. 125 (June 2, 2022). With respect to the admission of the video, the Court stated:

> I think the [G]overnment's case should proceed on the basis of the 13-minute version of the video.
>
> That said, it also appears to me that to the extent that . . . the defense opens the door with respect to events that are happening on the [28-minute] video or events that could be refuted by simply the introduction of the video, it may put the video at issue and may allow the [28-minute] video to be put in [evidence,] either in the context of the [G]overnment's case-in-chief or, depending on what the defense, either Mr. Bradley or Ms. Martinez puts on, . . . in a rebuttal case by the [G]overnment. . . .
>
> That said, I think the [G]overnment is going to file something[.] I will look at it, but based on having reviewed the cases that have already been provided to me and the information I have, I think the Court has sufficient authority to issue that order, and I think it is sufficiently fair to everyone. And to the extent the Court needs to, I certainly can expound upon that either in writing or orally tomorrow.

Tr. of First June 2, 2022 Hr'g at 5:5–6:9.

The Court subsequently ordered the Government to submit to the Court the 13-minute and 28-minute versions of the video so the Court could determine, at trial, "whether or not something opens the door." *Id.* at 6:17–22.

During the status conference, the Government requested that the Court continue the trial until the following Monday, June 6, 2022, to allow time for the Court to view the videos. *Id.* at 9:23–10:3. The Court denied the request, on the grounds that the Court would review the videos not "to be a fact finder," but to determine whether testimony or other arguments opened the door to the admission of the 28-minute video at trial. *Id.* at 10:9–14. The Court further noted that continual trial delays would exacerbate the challenges created by COVID-19, which have made it increasingly difficult to select and keep a jury throughout the duration of a trial. *Id.* at 19:19–20:18.

Following the June 2, 2022 status conference, later that day at 4:33 p.m., the Government filed a notice of interlocutory appeal from "a Ruling granting [D]efendants' motion to preclude the [G]overnment from introducing Government Exhibit 120C, an approximately 28-minute video taken March 15, 2018, entered orally in this case on June 2, 2022[.]" Notice of Appeal, ECF No. 128 (June 2, 2022).

That evening, at 6:30 p.m., the Court held a telephonic status conference with the parties regarding the Government's notice of interlocutory appeal and the Government's inquiry regarding the dismissal of the jury. Min. Entry, ECF No. 132 (June 2, 2022); Tr. of Telephonic Conference, ECF No. 149 (June 2, 2022) ("Tr. of Second June 2, 2022 Hr'g").

During the conference, counsel for Mr. Bradley objected to the appeal as taken in bad faith and in violation of the Speedy Trial Act and Mr. Bradley's Sixth Amendment right. Tr. of Second June 2, 2022 Hr'g at 4:14–6:17.

Counsel for Ms. Martinez indicated that she shared Mr. Bradley's view that the Government had not taken the interlocutory appeal in good faith, but instead for the purpose of delay. *Id*. at 8:20–9:5. Ms. Martinez further requested that the Court "make factual findings" regarding "the good faith nature of the [G]overnment's filing and whether or not it's for the purpose of delay," rule in Ms. Martinez's favor, and "permit the [G]overnment at that point to go to the Second Circuit and raise this question." *Id*. at 8:14–16, 10:15–24. Ms. Martinez argued that this approach would "give [Ms. Martinez] the right to be tried this summer," consistent with her Sixth Amendment and Speedy Trial Act rights. *Id*. at 10:23–11:2.

The Government objected to Ms. Martinez's request on the grounds that the appeal divested the Court of jurisdiction "to hold further hearings or fact findings in this matter." *Id*. at 14:3–6.

The Court subsequently dismissed the jury and scheduled a status conference for the following day, June 3, 2022. Notice of E-Filed Calendar, ECF No. 133 (June 2, 2022). The Court ordered the parties to file any submissions with respect to the Court's jurisdiction following the notice of interlocutory appeal by the morning of June 3, 2022. Min. Entry, ECF No. 132 (June 2, 2022).

The parties filed memoranda regarding the Court's jurisdiction on June 3, 2022. *See* Def. Dennis Bradley's Br. Regarding the Court's Jurisdiction Following the Government's Filing of a Notice of Appeal, ECF No. 139 (June 3, 2022); Jessica Martinez's Mem. in Supp. of Req. for Findings of Fact and Law, and Req. for Further Evidentiary Sanctions, ECF No. 138 (June 3, 2022); Government's Mem. Regarding Jurisdiction, ECF No. 137 (June 3, 2022).

That afternoon, the Court held a status conference with the parties. *See* Min. Entry, ECF No. 143 (June 3, 2022). Before that conference, for the first time, the Government provided the Court with a copy of the 28-minute version of the video.

During the conference, Ms. Martinez orally moved to sever her case from Mr. Bradley's and to dismiss the charges in the Superseding Indictment against her. Tr. of Hr'g at 8:15–9:5, ECF No. 150 (June 6, 2022) ("Tr. of June 3, 2022 Hr'g"); Min. Entry, ECF No. 143 (June 3, 2022). As to the second motion, Ms. Martinez requested the dismissal of the Superseding Indictment on the grounds that the interlocutory appeal and the resulting dismissal of the jury violated her Speedy Trial Act rights, and as a sanction for the Government's appeal, which Ms. Martinez alleged was taken in bad faith. Tr. of June 3, 2022 Hr'g at 8:15–20. Mr. Bradley separately requested that the Court issue an order memorializing its June 2, 2022 oral ruling. *Id.* at 5:4–21.

The Court indicated that it would take Defendants' requests under advisement. *Id.* at 24:22–25:9.

## II.   DISCUSSION[3]

Federal Rule of Criminal Procedure 16(a) governs the Government's disclosure obligations in a criminal case. The rule provides, in relevant part, that:

> the government must permit the defendant to inspect and copy or photograph books, papers, documents, data, photographs, tangible

---

[3] As a preliminary matter, the Court notes that Defendants have moved for the Court to issue various rulings, beyond clarifying the basis for the Court's order with respect to the preclusion of the 28-minute version of the video. *See* Min. Entry, ECF No. 143 (June 3, 2022) (taking under advisement oral motion to sever and oral motion to dismiss the Superseding Indictment as to Ms. Martinez); Dennis Bradley's Br. Regarding the Court's Jurisdiction Following the Government's Filing of a Notice of Appeal at 5–6, ECF No. 139 (June 3, 2022); Jessica Martinez's Mem. in Supp. of Req. for Findings of Fact and Law, and Req. for Further Evidentiary Sanctions, ECF No. 138 (June 3, 2022). Because there is varying authority on the Court's ability to resolve any of these issues now, *see*, *e.g.*, *Griggs*, 459 U.S. at 58 ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."), in an abundance of caution and while this case is pending on appeal, these motions are **DENIED without prejudice to renewal**, once this Court's jurisdiction has resumed.

> objects, buildings or places, or copies or portions of any of these
> items, if the item is within the government's possession, custody, or
> control and: (i) the item is material to preparing the defense; (ii) the
> government intends to use the item in its case-in-chief at trial; or (iii)
> the item was obtained from or belongs to the defendant.

Fed. R. Crim P. 16(a)(1)(E). Rule 16 also provides for a continuing duty to disclose, under which

a party who "discovers additional evidence or material before or during trial must promptly

disclose its existence to the other party or the court if: (1) the evidence or material is subject to

discovery or inspection under this rule; and (2) the other party previously requested, or the court

ordered, its production." Fed. R. Crim. P. 16(c).

In this District, the Government's disclosure obligations are set forth specifically in this

Court's Standing Order on Discovery, which provides that the Government shall, within fourteen

days of the arraignment, produce to the defense all books, papers, documents, and similar matters

"which are material to preparing the defense or which the government intends to use in its case-

in-chief at trial." D. Conn. Local R. Crim. P. App'x ¶ (A)(1)(f) ("Standing Order"). This

obligation extends to all items "within the government's possession, custody, or control, the

existence of which is known or by the exercise of due diligence could be known to the attorney

for the government." *Id*.

"When the government has failed to comply with Rule 16, the district court has broad

discretion to determine what remedial action, if any, is appropriate." *United States v. Miller*, 116

F.3d 641, 681 (2d. Cir. 1997). The Court may, for example, grant a continuance, prohibit the

government from introducing the undisclosed evidence at trial, or "enter any other order that is

just under the circumstances." Fed. R. Crim. P. 16(d)(2); *see also United States v. Graham*, No.

3:99-CR-271 (CFD), 2000 WL 1902425, at *1 (D. Conn. Dec. 21, 2000) ("[A] district court has

12

broad discretion to remedy a violation of [Rule 16], including by granting a continuance or by prohibiting a party from introducing certain evidence at trial." (citing Fed. R. Crim. P. 16(d)(2)).

"A reversal will only be warranted if the nondisclosure results in substantial prejudice to the defendant." *Miller*, 116 F.3d at 681 (internal quotation marks omitted) (citing *United States v. Sanchez*, 912 F.2d 18, 21 (2d Cir. 1990)); *see also United States v. Lee*, 834 F.3d 145, 159 (2d Cir. 2016) (in considering whether a district court has abused its discretion under Rule 16, the court looks to "the reasons why disclosure was not made, the extent of the prejudice, if any, to the opposing party, the feasibility of rectifying that prejudice by a continuance, and other relevant circumstances" (citing *United States v. Pineros*, 532 F.2d 868, 871 (2d Cir. 1976))). "Substantial prejudice" in the context of Rule 16 "mean[s] more than that the statement was damaging to the defendant: the defendant must demonstrate that the untimely disclosure of the statement adversely affected some aspect of his trial strategy." *United States v. Adeniji*, 31 F.3d 58, 64 (2d Cir. 1994).

Mr. Bradley moves to preclude the 28-minute video on the grounds that the Government violated Rule 16 and the Standing Order by failing to obtain and produce the video until the eve of trial, on May 25, 2022. Tr. of June 1, 2022 Hr'g at 6:7–8:17, 20:20–21:7. He argues that the admission of the 28-minute video at trial would result in substantial prejudice to him, as the video, which allegedly depicts the distribution of contribution forms at the Dolphin's Cove event, has been used to refresh the recollection of witnesses who previously testified that they did not recall seeing any contribution forms at the event. *Id*. at 7:22–8:12.

The Government contends that there is no Rule 16 violation because it did not possess the 28-minute video until May 24, 2022 and therefore could not have disclosed it to Defendants before that date. *Id*. at 12:3–23, 25:14–17, 170:23–173:12.

The Court disagrees.

Rule 16 "requires the government to disclose to the defendant any documentary evidence in its control which is material to the preparation of the defense or [is] intended for use by the government." *United States v. Rubirosa*, 100 F.3d 943 (Table), 1996 WL 56501, at *2 (2d Cir. 1996) (internal citation and quotation marks omitted). Under Rule 16, the Government is not obligated to disclose evidence when it is "in the hands of a person who is not a government agent and the government has no reason to suspect that the evidence exists." *United States v. Matthews*, 20 F.3d 538, 550 (2d Cir. 1994); *United States v. Tomasetta*, No. 10-CR-1205 (PAC), 2012 WL 896152, at *5 (S.D.N.Y. Mar. 16, 2012) (same).

The Government argues that this case is analogous to *Matthews* because the 28-minute video of the Dolphin's Cove event was in the possession of a third party—the videographers, Mr. and Ms. Jackson—and, therefore, the Government could not have disclosed the video before the FBI obtained it on May 24, 2022. Tr. of June 1, 2022 Hr'g at 171:9–25. But unlike in *Matthews*, there is evidence in the record that the Government had "reason to suspect that the evidence [i.e., the 28-minute video] exists." The record reflects that on January 27, 2020, Mr. and Ms. Jackson informed the FBI in an interview that they had "raw footage" of the Dolphin's Cove event that is "about two hours long," as well as "an edited, shorter version." Ex. A at 1. The following day, Ms. Jackson executed a Certificate of Records stating that she had "video footage of [the] event at Dolphin's Cove on 3/15/2018." Ex. B. According to the Government, Mr. and Ms. Jackson later swore that they had given "everything" to the FBI. Tr. of June 1, 2022 Hr'g at 11:8–11.

Regardless of whether in January 2020, Mr. and Ms. Jackson provided to the FBI only the 13-minute video of the Dolphin's Cove event, the Government had reason to suspect, on the basis of the videographers' reference to a two-hour, unedited version of the video, that the 13-

14

minute version was not the entire footage of the event. There is no indication, however, that the Government took steps to investigate this discrepancy at any point during the pre-trial proceedings until more than two years later, on the eve of trial in May 2022, when the Government interviewed the Jacksons to authenticate the 13-minute video. Indeed, when Mr. Bradley's counsel asked the Government on May 2, 2022 if it had in its possession an unedited version of the video of the Dolphin's Cove event, the Government responded two days later that the 13-minute video was the raw footage and had been produced.[4] *See* Ex. D ("[I]f the government has an unedited version [of the video of the Dolphin's Cove event], please produce that version to the defense at your early [*sic*] convenience."); Ex. E at 1 ("[T]he raw footage of the 3/15/2018 video recorded by Victory Productions was produced . . . .").

Moreover, in the context of this case, where the Government as recently as May 4, 2022—about three weeks prior to trial—expressly denied the existence of anything other than the 13-minute version of the video, and then waited a week after learning of the longer version to disclose its existence, the Government has failed to "promptly disclose its existence to the other party . . . ." Fed. R. Crim. P. 16(c); *cf. Matthews*, 20 F.3d at 550 ("The duty of 'prompt notification' is satisfied if the prosecutor tells the defendant about the statement as soon as the prosecutor becomes aware of it." (internal quotation marks omitted)).

Thus, the Government breached its obligations under Rule 16 and the Standing Order by failing to produce the 28-minute video of the Dolphin's Cove event until May 25, 2022, and by failing to disclose its existence as soon as the Government learned about it on May 17, 2022, more than one week earlier. *See* Standing Order ¶ (A)(1)(f) (attorney for the government shall, within fourteen days of the arraignment, produce to defense counsel documents and tangible

---

[4] Mr. Bradley's counsel represents that he also orally requested the raw footage of the Dolphin's Cove event from the Government before May 2, 2022. *See* Tr. of June 1, 2022 Hr'g at 7:12–21.

objects, "the existence of which is known or by the exercise of due diligence could be known to the attorney for the government," and which are material to the defense or which the government intends to use in its case-in-chief); *cf. Rubirosa*, 1996 WL 56501, at *2 (finding no Rule 16 violation arising from disclosure of newly discovered evidence because the prosecution "did not have the records in its possession or know of their existence until the time of trial"); *Tomasetta*, 2012 WL 896152, at *5 (the government did not breach its Rule 16(a) discovery obligation where there was "no suggestion that the [g]overnment was even aware of the possible existence of [the late-disclosed evidence] before October, 2011").

Rule 16(d) provides that the Court has "broad discretion to remedy a violation of [Rule 16(a)], including by granting a continuance or by prohibiting a party from introducing certain evidence at trial." *Graham*, 2000 WL 1902425, at *1 (citing Fed. R. Crim. P. 16(d)(2)); *see also United States v. Thai*, 29 F.3d 785, 804 (2d Cir. 1994) ("The trial court has broad discretion to fashion a remedy for the government's violation of [Rule 16(a)]."). To show substantial prejudice resulting from the admission of late-disclosed evidence, a defendant must "demonstrate that the untimely disclosure of the [evidence] adversely affected some aspect of [the defendant's] trial strategy.'" *Adeniji*, 31 F.3d at 64. "In assessing that question, the court analyzes the nature of the evidence sought, the extent to which it bore on critical issues in the case, the reason for its nonproduction, and the strength of the government's untainted proof." *United States v. Vinas*, 910 F.3d 52, 60–61 (2d Cir. 2018) (internal quotation marks omitted) (quoting *United States v. Stevens*, 985 F.2d 1175, 1181 (2d Cir. 1993)).

In this case, the 28-minute video, which allegedly depicts the distribution of contribution forms at the Dolphin's Cove event, could be probative of a primary issue in this case: whether Mr. Bradley knowingly made false and fraudulent statements when he stated in his CEP

application that his campaign intended to follow CEP's expenditure limits. *See* Superseding

Indictment. In a pre-trial submission filed before receiving the 28-minute video, Mr. Bradley

stated that his defense turns in part on his contention that he hosted the Dolphin's Cove event for

the purpose of promoting his law firm, and that the money he spent on the event was therefore

for the "personal benefit" of Mr. Bradley and his law partners rather than a campaign

"expenditure" under Connecticut election law. *See* Def. Dennis Bradley's Trial Mem. at 8, ECF

No. 60 (May 16, 2022).

   Mr. Bradley contends that before the disclosure of the video to Defendants on May 25,

2022, he had been prepared to advance this argument on the assumption that only the 13-minute

video would be admissible at trial. Tr. of June 1, 2022 Hr'g at 6:7–8:17. He further suggests that

before the disclosure of the 28-minute video, he intended to use the testimony of witnesses who

previously had stated that they did not observe the solicitation of contributions at the Dolphin's

Cove event. *Id.* at 7:22–8:12. In view of Mr. Bradley's defense strategy before the 28-minute

video was disclosed, the introduction of the video at trial would undercut Mr. Bradley's trial

strategy and result in substantial prejudice to his defense. *See United States v. Thomas*, 239 F.3d

163, 167 (2d Cir. 2001) (holding that a new trial was warranted under Rule 16 where "[b]oth the

nature of the [late-disclosed] evidence and its significance to the case strongly support a

conclusion of substantial prejudice," and the government failed to "offer a sufficient explanation

for the failure to produce the [evidence] earlier"). This prejudice is compounded by both the

Government's apparent failure to investigate, in the two years preceding trial, the Jacksons'

January 2020 statements to the FBI that they had a two-hour, unedited video of the Dolphin's

Cove event, and the Government's failure to disclose, after the Jacksons again informed the FBI

of the existence of the longer video on May 17, 2022, the existence of this longer version to Defendants until more than a week later, on May 25.[5] *See id.*

Although the introduction of the 28-minute video at the outset of trial would result in substantial prejudice to Mr. Bradley, the parties state that the Government has since used the video to refresh the recollections of witnesses who will testify at trial. Tr. of June 1, 2022 Hr'g at 8:1–17. In light of the fact that the Government has shown the video to these witnesses, and as discussed in its oral ruling, the Court will not permit the defense, either in its opening or closing statements or through the elicitation of witness testimony, whether on direct or cross-examination, to suggest facts or infer anything that can be contradicted by the introduction of the 28-minute video of the Dolphin's Cove event. Tr. of First June 2, 2022 Hr'g at 4:6–6:9.

Accordingly, the Court will preclude the Government from affirmatively referencing or introducing the 28-minute video of the Dolphin's Cove event, but will permit the admission of the video, either in the Government's case-in-chief or Defendants' rebuttal, if the defense opens the door to such evidence. *See United States v. Gomez*, No. 10-CR-397 (AKH), 2011 WL 13176038, at *6 (S.D.N.Y. Mar. 7, 2011) ("[B]ecause the district court retains . . . broad discretion to remedy Rule 16 violations, if the district court fashions a remedy that provides the defendant a reasonable and meaningful opportunity to alter his strategy, the district court may

---

[5] During the June 1, 2022 hearing, the Government argued that the introduction of the video would not result in prejudice to Ms. Martinez, because "her knowledge that the contribution forms were being collected is being established by her confession, not by the video. So the video is really only evidence against Mr. Bradley." Tr. of June 1, 2022 Hr'g at 172:22–173:4. Nevertheless, the Government appealed from the Court's June 2, 2022 Order as to both Mr. Bradley and Ms. Martinez. *See* Notice of Appeal, ECF No. 128 (June 2, 2022). During the Court's June 3, 2022 status conference with the parties, Ms. Martinez argued that the Government's interlocutory appeal violated her Sixth Amendment and Speedy Trial Act rights, particularly in light of the Government's previous statement that the 28-minute video was not evidence against her. Tr. of June 3, 2022 Hr'g at 8:1–9:5, 14:23–16:8. The Court asked the Government for its view on the possibility of modifying the appeal to allow Ms. Martinez's trial to move forward. *Id.* at 12:1–17, 13:10–20. The Government declined to do so, and sought to reverse its previous position by stating that it "misspoke" when it asserted that the 28-minute video was "really only evidence against Mr. Bradley." *Id.* at 16:14–16.

provide that opportunity in lieu of a new trial." (internal quotation marks omitted) (citing *Miller*, 116 F.3d at 681)).

For example, if a witness testifies at trial that they did not observe or distribute contribution forms at the Dolphin's Cove event, but the 28-minute video can show that witness observing or taking part in the distribution of these forms, the Court will permit the admission of the video to impeach that testimony. Similarly, as the Court explained during the June 2, 2022 hearing with the parties, any attempt by the defense to argue that contributions were not solicited at the Dolphin's Cove event would likely open the door to the admission of the 28-minute video as well, to the extent that contradictory evidence is depicted in that video. *See* Tr. of First June 2, 2022 Hr'g at 7:4–12, 13:4–14:21. As the Court indicated to the parties, the Court will review the 13-minute and 28-minute videos in order to be prepared to consider at trial whether any additional arguments made by the defense open the door to the admission of the 28-minute video. *Id*. at 6:15–22.

The Government argues that it would be prejudiced by the exclusion of the 28-minute video, and that the video is central to its case. *Id*. at 9:19–23; *see also* Tr. of June 1, 2022 Hr'g at 170:12–13, 173:10–12. The Government does not explain, however, how the evidence depicted in the video is not cumulative of other evidence that will be introduced at trial, particularly given that the Government has since used the 28-minute video to refresh the recollections of its witnesses. During the June 1, 2022 hearing, the Government argued that "literally almost every witness who attended [the Dolphin's Cove event] is going to testify about [the 28-minute] video" at trial. Tr. of June 1, 2022 Hr'g at 173:10–12. Indeed, the Government showed the video to witnesses who had attended the Dolphin's Cove event, thereby increasing the likelihood that

these witnesses will testify that they observed or participated in the solicitation of campaign donations at the event.

But if nearly every Government witness who attended the Dolphin's Cove event will testify that they observed or engaged in the distribution of contribution forms at the event, then the admission of the 28-minute video depicting this very same activity would be cumulative of such testimony and thus properly excludable under Rule 403. *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."); Fed. R. Evid. 611(a) ("The court should exercise reasonable control over the mode and order of . . . presenting evidence so as to: (1) make those procedures effective for determining the truth; [and] (2) avoid wasting time . . . ."); *see also United States v. Gupta*, 747 F.3d 111, 133 (2d Cir. 2014) (holding that the district court did not abuse its discretion by excluding aspects of testimony that "would have been cumulative" of evidence already admitted at trial); *United States v. Clarke*, 390 F. Supp. 2d 131, 134 (D. Conn. 2005) (excluding portions of video footage that would be a "needless presentation of cumulative, if arguably relevant, evidence").

For this reason, the Government cannot plausibly argue that the 28-minute video warrants admission without reservation, following the Government's breach of the Standing Order and Rule 16. Indeed, up until the Government obtained the 28-minute video from the Jacksons on May 24, the Government had been prepared to try this case without the 28-minute video. Thus, this evidence could not have played any role whatsoever in securing the Superseding Indictment issued on May 4, 2022. *See* Superseding Indictment.

Finally, any prejudice to the Government resulting from the initial exclusion of the 28-minute video is mitigated, if not eliminated, by the Court's order, which permits the introduction of the video to the extent the defense opens the door to such evidence. And if the defense does not challenge, through examination or otherwise, any of the alleged activity described by witnesses who attended the Dolphin's Cove event—specifically activity depicted on the 28-minute video, but not the 13-minute video—then, the Government presumably will have achieved the purpose of introducing the video: providing for the jury evidence of alleged activity not captured in the 13-minute video.

Accordingly, for the reasons explained above and in the Court's oral ruling, *see* Tr. of First June 2, 2022 Hr'g, the Court will preclude the Government from affirmatively referencing or introducing the 28-minute video of the Dolphin's Cove event, but will permit the introduction of the video, either in the Government's case-in-chief or Defendants' rebuttal, if the defense opens the door to such evidence.[6]

**SO ORDERED** at Bridgeport, Connecticut, this 1st day of July, 2022.

   /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge

---

[6] The Government repeatedly asserts that Mr. Bradley had the 28-minute video and did not disclose it to SEEC during its investigation into his 2018 State Senate Campaign. Tr. of June 1, 2022 Hr'g at 9:21–10:9, 11:24–12:2, 173:5–12. The Government offers no evidence, however, in support of this claim, and appears to suggest that the Jacksons are "friends" of Mr. Bradley and therefore deliberately withheld the 28-minute video from the Government. *Id*. at 12:3–12. In any event, regardless of whether Mr. Bradley had possession of the 28-minute video, this fact would not alter the Government's obligations under the Standing Order and Rule 16. The Government failed to exercise its due diligence to obtain the 28-minute video, despite record evidence that the FBI was informed of the existence of a longer video at the time of its interview with the Jacksons—more than two years before trial. *Cf. Vinas*, 910 F.3d at 61 ("'[T]he availability of particular statements through the defendant himself does not negate the government's duty to disclose statements subject to Rule 16.'" (quoting *United States v. McElroy*, 697 F.2d 459, 465 (2d Cir. 1982))).