IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | Civil Action No.: 3:21-cr-00087-VAB |
| *Plaintiff* | |
| vs. | |
| DENNIS A. BRADLEY | March 12, 2024 |
| *Defendant* | |

## MOTION TO MODIFY CONDITIONS OF RELEASE

Defendant, Dennis Bradley, through the undersigned counsel, requests that the Court modify his conditions of pretrial release to eliminate 7(d), 7(e), and 7(f), which restricts his ability to travel. He seeks to remove his travel restrictions so he can work, without hindrance, and so he can attend his first cousin's wedding with his family in the Dominican Republic. In support of his Motion, Attorney Bradley states as follows:

1. This case commenced over one thousand days ago, *i.e.*, on May 24, 2021, when a federal grand jury returned an indictment charging Dennis Bradley with one count of conspiracy to commit wire fraud under 18 U.S.C. § 1349 and five counts of wire fraud under 18 U.S.C. § 1343.

2. Although it is being prosecuted under the wire fraud statutes, this is really a case about campaign contributions and political financing. The case focuses on a March 13, 2018, event at the Dolphin's Cove restaurant in Bridgeport. The government says that the Dolphin's Cove event was really a "campaign event" and that any funds received should have been declared as campaign contributions. *See,* Superseding Indictment Dkt. # 50 at ¶ 56.

3. Mr. Bradley, however, entered "not guilty" pleas on all charges and he is presumed innocent.

4. As a result of the indictment and the government's allegations, this Court set conditions and restrictions on Mr. Bradley's release. *See* Dkt. #7  Among the conditions were restrictions on his ability to travel.  More specifically, ¶ 7(d) of his Additional Conditions of Release requires he surrender his passport to the United States Probation Office; ¶ 7(e) requires he not obtain other international travel documents; and ¶ 7(f) restricts his travel to Connecticut and Massachusetts. *Id*.

5. In June 2022, following jury selection and on the eve of trial, the government appealed the Court's decision to partially preclude the government from introducing a late-disclosure.

6. The government's appeal remains pending before the Second Circuit and no trial date has been rescheduled.

7. Still, Attorney Bradley remains compliant with the terms of his release for nearly three years now.

8. Indeed, he is an officer of this Court and licensed Connecticut attorney.  He runs a law firm with his brother and father, and owns property in the State of Connecticut.  His wife, child, and home are all here too.  He is not a flight risk.

9. Indeed, on a daily basis he can be seen spending time across Connecticut courts helping clients, talking with court personnel, and arguing cases.  He has a thriving law practice with clients all around the state, along with clients in New York, and in Massachusetts.

10. He is well respected by members of both the federal and state courts here in Connecticut, and prior to his arrest in 2021, he had never been arrested in his life. Said differently, he has never been in trouble – for anything – ever.

11. Based on the foregoing, and in particular nature of crimes he's alleged to have committed, the long standing perfect post arraignment record, and unscheduled trial proceedings in this case – the travel restrictions are extraordinary.

12. Indeed, with the current restrictions, he cannot even meet clients in New York City, he cannot vacation with his family outside of Connecticut or Massachusetts, nor can he travel with his entire family to attend his first cousins wedding (a girl he was raised with, and is more akin to his sister).

13. More specifically, he is asking this Court's permission to attend his cousin's wedding in the Dominican Republic the week of June 28, 2024. A copy of the invitation is affixed hereto as **Exhibit A**.

14. He is also asking this Court to remove his domestic travel restrictions so he may conduct business in New York, travel within the United States for legal seminars, and to be able to vacation throughout the country with his family and friends, along with other travel related needs.

15. He asks this Court to accord him the presumption of innocence and consider that he is a member and officer of this Court – without any violations of parole or criminal history.

16. He is eager for trial, but until the appeal concludes and trial can begin, the travel restrictions in his Conditions of Release, *i.e.*, ¶ 7(d) - ¶ 7(f) are more restrictive than necessary and inconsistent with the Bail Reform Act, which requires the "least restrictive" conditions necessary to reasonably assure against flight risk and danger. *See*, 18 U.S.C. § 3142(c)(1)(B).

17. Undersigned counsel has contacted the United States Attorneys Office, who indicated the government's position is that it "takes no position and defers to the Court."

18. Undersigned counsel has contacted the United States Probation Office, specifically, Alan Swartz, who is the Defendant's parole officer, who indicated his position to the requested relief is that he has no objection to the Defendant traveling between Massachusetts, Connecticut and New York without notice, and no objection to the Defendant traveling anywhere else within the United States, so long as reasonable notice and an itinerary are provided. As for the Defendant's one-time request to travel to the Dominican Republic to attend his cousin's wedding, he takes no position, and defers to the Court. Finally, Mr. Swartz confirmed to the undersigned that the Defendant is and has been compliant with all the terms and conditions of release.

19. Accordingly, and on behalf of Attorney Dennis Bradley, the undersigned moves this Honorable Court to eliminate conditions 7(d), 7(e), and 7(f) as terms of his release, and also permit the Defendant to travel to the Dominican Republic to attend his cousin's wedding.

Respectfully submitted by:

_____
Darnell D. Crosland, Esq.
Crosland Law Group LLC
1200 Summer Street, Ste 202
Stamford, Connecticut 06905
Tel. (203) 921-1782
Fax (203) 921-1223

Dated: March 12, 2024

DEFENDANT's COUNSEL

4

## **CERTIFICATION**

I HEREBY CERTIFY that on March 12, 2024, a copy of the foregoing motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filling will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Respectfully submitted by:

Darnell D. Crosland, Esq.
Crosland Law Group LLC
1200 Summer Street, Ste 202
Stamford, Connecticut 06905
Tel. (203) 921-1782
Fax (203) 921-1223