UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**UNITED STATES OF AMERICA,**

    *Plaintiff*

*vs*.                                                                                                                                                                  No. 3:21-cr-00087 (VAB)

**DENNIS A. BRADLEY, JR.**

    *Defendant*

**DEFENDANT'S MOTION FOR A TWO WEEK CONTINUANCE OF EVIDENCE ONLY**

    Defendant Dennis A. Bradley, Jr., by and through undersigned counsel, respectfully moves this Court, pursuant to Federal Rule of Criminal Procedure 12 and the Speedy Trial Act (18 U.S.C. § 3161(h)(7)), for a limited continuance of the trial date and an extension of the deadline for submitting witness and exhibit lists. Specifically, Defendant requests that evidence presentation commence no earlier than December 15, 2025, while desiring to proceed with the pretrial conference on November 24, 2025, and jury selection on December 1, 2025. Defendant further requests that the deadline for witness and exhibit lists be extended from Monday, November 24, 2025, to Monday, December 1, 2025. The ends of justice served by granting this relief outweigh the best interests of the public and the Defendant in a speedy trial. In support thereof, Defendant states as follows:

### I. FACTUAL BASIS

    1.    On November 19, 2025, the Government produced hundreds of pages of supplemental discovery materials pursuant to the Court's Standing Order on Discovery, including

FBI-002043–2178 and USAO-001775–1795, designated as "Protected Discovery Materials" under Local Rule of Criminal Procedure H.

2. These materials were initially made available via USAfx, however, technical difficulties accessing the USAfx folder occurred, including error messages preventing download or review of the files.

3. On November 20, 2025, counsel emailed the Government to report these issues and request alternative delivery. The Government responded by emailing the discovery in batch zip files. The defense is currently reviewing these files; however, given the numerous other requisite preparatory activities for trial, an extension of time is necessary.

4. Additionally, Mr. Bradley—who is a licensed attorney and actively practicing—is counsel in a separate state criminal matter: State of Connecticut v. Valle-Lanuza, Docket No. FBT-CR22-034649-T, in the Connecticut Superior Court, Judicial District of Bridgeport. In that case, several jurors have already been picked, jury selection is ongoing and evidence is being put on December 8-12, 2025, with Attorney Bradley the only lawyer of record necessitating that he conduct all witness examinations, arguments, and other trial duties. This commitment renders him unavailable for evidence presentation in this matter prior to December 15, 2025, without severe prejudice to his preparation and participation here.

5. The undersigned counsel conferred with government on the relief requested in this Motion and the government opposes the relief sought herein.

## II. ARGUMENT

A limited continuance and deadline extension are warranted under the Speedy Trial Act when the ends of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 USCS § 3161; *see also Zedner v. United States*, 547 U.S. 489,

506–07 (2006). Relevant statutory factors include whether denying the continuance would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice, § 3161(h)(7)(B)(i), and whether denial would unreasonably deny the defendant continuity of counsel or the reasonable time necessary for effective preparation, § 3161(h)(7)(B)(iv) 18 U.S.C. § 3161.

Courts routinely grant such relief in document-intensive matters and for continuity-of-counsel/necessary-preparation needs, so long as the exclusion is time-limited and tailored to the case. *See United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1197–98 (2d Cir. 1989) (affirming ends-of-justice exclusion in a multi-defendant, document-heavy case); *United States v. Gambino*, 59 F.3d 353, 357–58 (2d Cir. 1995) (length of a complexity exclusion must be limited and reasonably related to the case's needs); *United States v. Calix*, 787 F. App'x 4, 6–7 (2d Cir. 2019) (summary order) (upholding adjournment where failure to continue would deny defense counsel reasonable time for preparation and continuity of counsel under § 3161(h)(7)(B)(iv)).

Here, although the materials are now in hand, the initial access delays *via* USAfx and the volume of several hundred pages require time to compare, analyze, and integrate into trial strategy, witness preparation, and exhibit lists. Proceeding without adequate review would prejudice the defense and risk a miscarriage of justice. This also justifies extending the witness and exhibit list deadline to December 1, 2025.

In addition, Mr. Bradley's role in the state criminal trial—where he is the only attorney of record and actively trying the case—creates an irreconcilable conflict for evidence presentation. Forcing participation here would divide his attention, impair his Sixth Amendment right to effective assistance, and potentially violate ethical obligations under Connecticut Rules of

Professional Conduct (*e.g.*, Rule 1.3 on diligence). *See United States v. Morrison*, 946 F.2d 484, 498 (7th Cir. 1991) (continuance proper for counsel's conflicting trials). This is not a mere inconvenience but a practical impossibility until after December 12, 2025.

5. The requested relief here is also narrowly tailored: Defendant is asking that the November 24, 2025 pretrial conference and December 1, 2025 jury selection proceed as scheduled, with evidence starting no earlier than December 15, 2025 (or a later mutually agreeable date). Defendant also consents to the exclusion of time under 18 U.S.C. § 3161(h)(7).

### III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant this motion, continue evidence presentation to December 15, 2025 (or later to date convenient for the Court and government), and extend the witness and exhibit list deadline to December 1, 2025.

Respectfully submitted by:

_____
Darnell D. Crosland, Esq.
**CROSLANDLAWGROUP LLC**
1200 Summer Street, Ste 202
Stamford, Connecticut 06905
info@croslandlaw.com
Tel. (203) 921-1782
Fax (203) 921-1223

Dated: November 21, 2025

DEFENDANT's COUNSEL

## CERTIFICATION

I HEREBY CERTIFY that on November 21, 2025, a copy of the foregoing motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filling will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

    Respectfully submitted by:

    _____
    Darnell D. Crosland, Esq.
    **CROSLANDLAWGROUP LLC**