**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

UNITED STATES OF AMERICA,

v.

DENNIS A. BRADLEY, JR.

No. 3:21-cr-87 (VAB)

**RULING AND ORDER ON MOTION FOR RECONSIDERATION**

A grand jury indicted Dennis A. Bradley, Jr. ("Defendant") for one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 and five counts of wire fraud in violation of 18 U.S.C. § 1343. *See* Superseding Indictment, ECF No. 50 (May 4, 2022) ("Superseding Indictment").

After the Government presented its case-in-chief, on March 24, 2026, Mr. Bradley moved for acquittal. *See* Mot. for Acquittal, ECF No. 360 (Mar. 24, 2026) ("Mot.). Following the Defense's case-in-chief, and after the Court allowed the Government to present one rebuttal witness, on March 25, 2026, Mr. Bradley filed a second motion for judgment of acquittal specific to Counts Three, Four, and Six. Mot. for Acquittal on Counts 3, 4, 6, ECF No. 364 (Mar. 25, 2026) ("Second Mot.").

On March 27, 2026, a jury convicted Mr. Bradley on all six counts of the Superseding Indictment. *See* Jury Verdict, ECF No. 370. On March 30, 2026, Mr. Bradley filed a motion for a new trial and once more moved for a judgment of acquittal on all six Counts. Mot. for Acquittal (Renewed), ECF No, 368 (Mar. 30, 2026) ("Third Mot."); Mot. for New Trial, ECF No. 369 (Mar. 30, 2026) ("Mot. for New Trial").

On September 4, 2026, the Court granted Mr. Bradley's motion for acquittal with respect to Counts Three, Four, and Six, and denied the motion with respect to Counts One, Two, and Five.

On September 9, 2026, Mr. Bradley moved for reconsideration of the Court's September 4th Order, arguing that the acquittals on Counts Three, Four, and Six required acquittal on the remaining charges, Counts One, Two, and Five, or in the alternative, a new trial. Def's. Mot for Reconsideration, ECF No. 406 (Sept. 9, 2026), and Def.'s Mem. in Support of Reconsideration, ECF No. 407 (Sept. 9, 2026) (Def.'s Mem.").

For the following reasons, Mr. Bradley's motion for reconsideration is **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Given the recency of the Court's September 4th Ruling and Order, and the detailed discussion of the case's factual and procedural history, the Court will not reiterate any of it here.

## II. STANDARD OF REVIEW

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Tranp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)(citations omitted).

## III. DISCUSSION

Mr. Bradley seeks to have the Court reconsider both its decision on the motion to acquittal, at least with respect to Counts One, Two, and Five, and if not, to grant the motion for a new trial.

The Court will address each issue in turn.

**A. The Motion for Acquittal**

"The term 'retroactive misjoinder" refers to circumstances in which the joinder of multiple counts was proper initially, but later developments – such as a district court's dismissal of some counts for lack of evidence or an appellate court's reversal of less than all convictions – render the initial joinder improper." *United States v. Hamilton*, 334 F.3d 170, 181 (2d Cir. 2003)(citations and internal quotation marks omitted). A defendant "must show compelling prejudice." *Id.* at 182. (citations and internal quotation marks omitted). And "compelling prejudice may be found where there is prejudicial spillover from evidence used to obtain a conviction subsequently reversed on appeal." *Id.* (citations and internal quotation marks omitted). Prejudicial spillover "requires an assessment of the likelihood that the jury, in considering one particular count or defendant, was affected by evidence that was relevant only to a different count or defendant." *Id.* (citation omitted).

A three-part test has been developed to determine "whether there was likely prejudicial spillover from the evidence submitted in support of convictions that were set aside after trial." *Id.* First, there is "whether the evidence introduced in support of the vacated count was of such an inflammatory nature that it would have tended to incite or arouse the jury into convicting the defendant on the remaining counts." *Id.* (citation and internal quotation marks omitted). Second, there is "whether the dismissed count and the remaining counts were similar." *Id.* (citation and internal quotation marks omitted). Third, there is "whether the government's evidence on the remaining counts was weak or strong." *Id.* (citation and internal quotation marks omitted).

Mr. Bradley argues that there was prejudicial spillover here because "the jury was presented with, deliberated on, and returned guilty verdicts on three federal crimes that do not exist

as charged and these charges were plainly the focus of the trial." Def.s' Mem. at 10. Mr. Bradley further argues that while the eCRIS filings, which were the subject of the now dismissed Counts Three, Four, and Six, would have been evidence in the case, the jury "would not have been instructed that filing them was a federal crime." *Id.* at 11. In his view, "the eCRIS counts were presented as the engine of the scheme; Counts Two and Five were presented as steps towards them. When the engine is removed, the Government's own account of the function of the steps is severely undermined." *Id.* at 12. And – again in Mr. Bradley's view – "the jury made no findings that would show an independent basis for its verdict; and the jury's finding on the invalid counts went to the same 'scheme to defraud' element the surviving counts require." *Id.* at 13-14. Finally, Mr. Bradley argues that the remaining evidence as to the remaining counts "is thin at best." *Id.* at 14.

The Court disagrees.

As to the first prong of the three-part, it is not satisfied "where the evidence that the government presented on the reversed counts was, as a general matter, no more inflammatory than the evidence presented on the remaining counts." *Hamilton*, 334 F.3d at 182. (citation and internal quotation marks omitted). That is certainly the case here.

Indeed, the eCRIS filings were part and parcel of the overall scheme charged by the Government, upon which the jury found Mr. Bradley guilty, and upon which this Court affirmed by denying the motions for acquittal on Counts One, Two, and Five: engaging in a conspiracy to defraud the State of Connecticut – and by extension the taxpayers of the State of Connecticut – by both excluding and trying to exclude expenditures from the March 15, 2018 Dolphin's Cove event from his public campaign disclosures because doing so would have made him ineligible to receive state funding for his campaign, and using interstate wires on two specific occasions in order to do so. *See United States v. Rooney*, 37 F.3d 847, 856 (2d Cir. 1994)("When the reversed and

remaining counts arise from an identical fact pattern and all evidence introduced on the reversed count would have been admissible anyway, a defendant will have a difficult time establishing prejudice."); *cf. United States v. Griffith*, 284 F.3d 338, 351(2d Cir. 2002)("[T]he evidence presented in support of the Jody Ann counts could not have incited the jury to any greater degree than the evidence presented to show the remaining counts regarding Ebony."); *United States v.* Vebeliunas, 76 F.3d 1283, 1294 (2d Cir. 1996)("[T]here was little to no evidence pertaining to the RICO count that was not also admissible with respect to the remaining counts of the indictment, and none of it was particularly inflammatory."). Thus, there is no basis for granting a motion for a acquittal based on this first factor.

As to the second factor, "prejudicial spillover is unlikely if the dismissed count and the remaining counts were either quite similar or quite dissimilar." *Hamilton*, 334 F.3d at 182. And "where the vacated and remaining counts emanate from similar facts and the evidence introduced would have been admissible as to both, it is difficult for a defendant to make a showing of prejudicial spillover." *Id.* at 182-83 (citation and internal quotation marks omitted). Significantly, as to this factor, the Second Circuit has been concerned when the evidence as to the two types of counts is both "inadmissible" and "the evidence is presented in such a manner that tends to indicate that the jury probably utilized the evidence in reaching a verdict on the remaining counts, that spillover prejudice is likely to occur." *Id.* (citation and internal quotation marks omitted).

Here, even Mr. Bradley concedes that the eCRIS documents themselves – the forms that were filed – would likely have been admissible in a trial limited to Count One, Two, and Five, as evidence of what was reported to [the Connecticut State Elections Enforcement Commission]." Def.s. Mem. at 11. While he tries to argue that this concession should not be dispositive, and the Court should instead focus on the second part of this second prong, its impact on the jury, for

purposes of proving prejudicial spillover, both are necessary, as noted above. In any event, as also noted above, the eCRIS documents were part and parcel of the overall scheme.[1] Thus, there is no basis for granting a motion for acquittal based on this second factor.

As to the third factor, "whether the government's evidence on the remaining counts was weak or strong," *Hamilton*, 334 F.3d at 182, there is nothing in the record of this case which suggests a basis for suggesting that the jury should not have found Mr. Bradley guilty of Counts One, Two, and Five. Regardless of whether his eCRIS filings were separate crimes, there was more than ample evidence from the jury to conclude that Mr. Bradley conspired to defraud the State of Connecticut's public campaign finance program and used the interstate wires in furtherance of this scheme. *Cf. Hamilton*, 334 F.3d at 185-86 ("As the government's evidence supporting the counts of conviction was ample, the district court properly denied defendants' motions for new trials on grounds of retroactive misjoinder or prejudicial spillover."); *Griffith*, 284 F.3d at 351 ("[T]he government's case with regard to the remaining counts was extremely strong in light of the testimony of [one witness] and the corroboration of that testimony through the videotape and the testimony of other witnesses."); *Vebeliunas*, 76 F.3d at 1294 ("[T]he testimonial and documentary evidence against [the defendant] as to the remaining counts was very substantial."). Thus, there is no basis for granting a motion for acquittal based on this third and final factor.

Accordingly, the motion to reconsider the motion for acquittal on Counts One, Two and Five will be denied.

[1] If anything, the Dolphin's Cove event, not the subsequently filed eCRIS forms, was "the engine of the scheme."

### B. The Motion for a New Trial

For similar reasons as stated in his motion to reconsider the motion for acquittal on Counts One, Two, and Five, Mr. Bradley moves for the Court to reconsider denial of his motion for a new trial. For the reasons stated above, the Court also will not reconsider its motion for a new trial.

Accordingly, the motion to reconsider the motion for a new trial will be denied.

## IV. CONCLUSION

For the reasons stated above, the motion for reconsideration is **DENIED**.

**SO ORDERED** at New Haven, Connecticut, this 15th day of September, 2026.